IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOSE CARLO-BLANCO,<br><br>    Plaintiff,<br><br>        v.<br><br>INMOBILIARIA COMERCIAL, INC., <u>et al.</u><br><br>    Defendants. | CIVIL NO. 12-1978 (PAD) |

**OPINION AND ORDER**

Before the Court is defendants' Motion for Summary Judgment and request for attorney's fees (Docket No. 36). For the reasons explained below, defendants' request for summary judgment is GRANTED and the request for attorney's fees is DENIED.

### I.    BACKGROUND

On December 3, 2012, plaintiff José Carlo-Blanco filed a complaint against defendants Inmobiliaria Comercial, Inc. ("Inmobiliaria Comercial") and Integrand Assurance Company ("Integrand," and with Inmobiliaria Comercial, the "Defendants"), seeking redress for damages allegedly suffered as a result of his fall at a parking lot located in a mall owned by Inmobiliaria Comercial (Docket No. 1).[1] Although the complaint is silent as to this fact, the parties agree Carlo-Blanco is suing under Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31 § 5141.

Following discovery, defendants moved for summary judgment, arguing the uncontested facts show Carlo-Blanco has no evidence to prove any of the elements required by Article 1802 (Docket No. 36). Defendants also request attorney's fees, claiming plaintiff "has frivolously and

---

[1] Additional details regarding the place of the incident were not included in the complaint. What is clear from the complaint is that plaintiff originally filed suit for the same incident in the San Juan Part of the Court of First Instance of Puerto Rico under Civil No. KDP-2008-1070. After moving to the mainland, however, plaintiff asked the state court to dismiss the case without prejudice. This suit followed.

obstinately kept defendants in this costly and expensive action even after knowing the discovery did not support [his] allegations…" Id. at pp. 2-3, 19-20. Plaintiff opposed (Docket Nos. 45-46),[2] and defendants replied (Docket No. 52).

## II.  RELEVANT FINDINGS OF FACT

The record in this case confirms that Carlo-Blanco and defendants agree on most of the facts. Carlo-Blanco only denied statements number 12, 16, 21, 22 and 30.[3] Thus, the uncontested facts are as follows:

Inmobiliaria Comercial is the owner of Cupey Plaza, on Victor M. Labiosa Avenue (PR-176), San Juan, Puerto Rico. See, Docket No. 36, Defendants' Statement of Uncontested Facts in Support of Motion for Summary Judgment ("SUMF") at ¶ A.1. Plaintiff is an adult male who suffers from a condition called "short leg syndrome". Id. at ¶ A.2.

On March 3, 2008, Cupey Plaza consisted of two separate buildings and their respective parking lots. Id. at ¶ C.9. Between the first building (where RG Premier Bank was located) and its parking, there was a one-lane road (in-road) to navigate the property. Id. at ¶ C.10. After the entrance of the in-road, there was a raised crosswalk through the road, which consisted of a cement path or "bridge" with brown cobblestone on top, and two ramps in cement on both sides of the crosswalk. Id. at ¶ C.11. This raised crosswalk functioned as a "bridge" for pedestrians between

---

[2] Plaintiff supplemented his opposition to address defendants' request for attorney's fees at Docket No. 46.

[3] In his opposition, Carlo-Blanco includes a section titled "Uncontested Issues of Fact," followed by twelve (12) pages of deposition excerpts divided into eighteen (18) paragraphs (two of them erroneously numbered). It is unclear whether plaintiff submitted those statements to be considered as the "separate section of additional facts," contemplated by Local Civil Rule 56(c) or with any other purpose. What is clear, however, is that these "statements" must be disregarded by the Court for failure to comply with Local Civil Rules 56(c) and 56(e) that specifically require – either as part of the statement of uncontested facts, the opposing statements or the additional facts – an "assertion of facts" (as opposed to deposition excerpts without a coherent explanation of what plaintiff wishes to attest with them).

the first building's cement sidewalk and the parking's cement sidewalk.[4] Id. at C.12. This raised crosswalk or "bridge" also functioned as a "speed bump" for vehicles entering the premises from the avenue. Id. at ¶ C.13. The "bridge" area of the raised crosswalk is at the same level as the building's sidewalk and the parking's sidewalk. There is no "step up" or "step down" between the sidewalks and bridge. Id. at ¶ C.14.[5]

The function of the "bridge" was clearly marked due to the addition of the brown cobblestone, which made it quite noticeable and different from the rest of the walkways on the property. Id. at ¶ C.15. The two ramps of the raised crosswalk were clearly marked with thick yellow painted stripes to indicate to drivers of vehicles that there were ramps. The stripes were highly visible to pedestrians. Id. at ¶ C.22. The speed bumps were "designed for vehicles to go by", and the ramps were "not for a person, but to let the cars know that there's a speed bump." Id. at ¶¶ C.16 and C.21.[6]

After making a transaction in RG Premier Bank Carlo-Blanco walked out of the bank, toward the adjacent parking where his car was parked, and crossed the in-road in a diagonal manner across the ramp area of the raised crosswalk. Id. at ¶¶ C.18 and C.19. He saw cars using the speed

---

[4] Plaintiff's response does not contest this fact. His explanation only adds that the "bridge" served a double purpose: for the cars to reduce their speed and for the disabled persons to go from the parking lot to the bank. See, Docket No. 45, Plaintiff's "Contested Issues of Fact" at ¶ 1. Thus, this statement is deemed uncontested.

[5] Pictures of the area with Carlo-Blanco's markings to demonstrate the specific path that he took the day of the incident, the specific point in which he allegedly tripped, and the area where he allegedly fell were attached to the motion for summary judgment. See, SUMF ¶¶ B.3-B.8 and exhibits attached in support thereto.

[6] Again, Plaintiff's qualification of these statement does not contest the same. In fact, during his deposition, plaintiff testified as follows: "Q: Okay. All right. Do you have any idea why these—I know you're not--- but why would this be marked with yellow, that ramp area? A: That, I assume for security purposes. Q: What? A: For cars to know that there's a speed bump. Not for a person, but to let the cars know that there's a speed bump" (Docket No. 36, Exh. 6, lines 13-20).

bump. Id. at ¶ C. 22.[7] It was daytime; it was not raining; and there was no lack of visibility or illumination in the area of the incident, nor evidence of anything that would have obstructed his access to the bridge area of the raised crosswalk. Id. at ¶ C.29. When he arrived at the sidewalk of the parking area, his left foot was allegedly "held back" in the area where the ramp meets the sidewalk. Id. at ¶ C.20.

At that point, Carlo-Blanco was going through a road (in-road) that was designed for a vehicle, and admitted that he "was walking through there before (he) fell," and that he "had the option to go through the sidewalk," but "decided to use [sic] where the cars go." Id. at ¶¶ C.23-25. He did not walk through the cobblestone or "bridge" area of the speed bump, but voluntarily decided to walk over the slope or ramp portion of the raised crosswalk, even with his "short leg syndrome" condition.[8] Id. at ¶ C.26. He did not see a hole, but testified that a hole caused his trip and fall.[9] Id. at ¶ C.30. He explained that he fell where "the interaction in the connection of the three areas [the sidewalk of the parking area, the ramp and the "bridge"] levelers." Id. at ¶ 33.

### III.  STANDARD OF REVIEW

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The purpose of summary judgment is to pierce the pleadings and

---

[7] Plaintiff's qualification of this statement does not contest this fact. While defendant's statement clearly refers to the "speed bump" formed by the two ramps, Plaintiff's qualification refers to the purpose of "bridge" formed by the "raised crosswalk" for pedestrians, which is not an issue (See, discussion regarding SUMF ¶ 12).

[8] Plaintiff explained this condition was not a concern for him. During his deposition, he testified that the condition is "not even on my list of concerns, that [sic] I have to take any precautions for that because it's not a condition that is there anymore because it's taken care of with the shoes, with the levelers" (Docket No. 36, Exh. 13, lines 14-20).

[9] Plaintiff qualifies this statement to explain that he "tripped in what he describe[d] as his foot getting stuck or "encajonado" (Docket No. 45 at ¶ 5).

assess the proof in order to see whether there is need for trial. Mesnick v. General Electric Co., 950 F. 2d 816, 822 (1st Cir. 1991).

The party moving for summary judgment bears the initial responsibility of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). A factual dispute is "genuine" if it could be resolved in favor of either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). It is "material" if it potentially affects the outcome of the case in light of applicable law. Calero-Cerezo v. U.S. Dep't of Justice, 355 F.3d 6, 19 (1st Cir. 2004). As to issues on which the nonmovant has the burden of proof, the movant need to no more than aver absence of evidence to support the nonmoving party's case. Celotex Corp., 477 U.S. at 325; Mottolo v. Fireman's Fund Insurance, 43 F.3d 723, 725 (1st Cir. 1995).

Once the moving party has satisfied this requirement, the nonmoving party has the burden of presenting facts that demonstrate a genuine issue of material fact for trial. LeBlanc v. Great American Ins. Co., 6 F.3d 836, 841 (1st Cir. 1993). All reasonable factual inferences must be drawn in favor of the party against whom summary judgment is sought. Shafmaster v. United States, 707 F.3d. 130, 135 (1st Cir. 2013).

To resist summary judgment, the nonmovant must do more than show some metaphysical doubt as to a material fact. Matsushita Elec. Inds. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Conclusory allegations, empty rhetoric, unsupported speculation, or evidence which, in the aggregate, is less than significantly probative will not suffice to ward off a properly supported motion for summary judgment. Nieves-Romero v. United States, 715 F.3d 375, 378 (1st Cir. 2013). Evaluation of the record shows no material facts in dispute.

### IV.   ANALYSIS

**A. Commercial premises liability under Article 1802**

Article 1802 of the Puerto Rico Civil Code states that "a person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done." P.R. Law Ann. tit. 31 ¶ 5141.  Even though the article does not define fault or negligence, it has been interpreted to impose upon business owners the duty to keep their establishment in a safe condition so that the clientele do not suffer harm or damage. Fedelich v. American Airlines, 724 F.Supp.2d 274, 285 (D.P.R. 2010)(quoting Torres v. Kmart Corp., 233 F.Supp.2d 273, 278 (D.P.R. 2002); Cotto v. C.M. Ins.Co., 116 D.P.R. 644, 650 (1985).

As the Puerto Rico Supreme Court has noted, however, "the owner of the business 'is not an insurer of the safety of business visitors, and his duty extends only to the exercise of reasonable care for their protection.'" Cotto, 116 D.P.R. at 650 (official translation).  Correspondingly, a business invitee who alleges a breach of the duty owed by the owner or occupier of commercial premises must show "that the injury was reasonably foreseeable (and, thus, could have been avoided had the defendant acted with due care)." Calderón-Ortega, 753 F.3d at 252; Nieves-Romero v. United States, 715 F.3d 375, 379 (1st Cir. 2013).

Liability is imposed in situations involving risky conditions, only if the owner knew or should have known of those conditions. Cotto, 116 D.P.R. at 650.  In order to establish constructive knowledge, a plaintiff must prove either the existence of the dangerous condition for an unreasonable or excessive length of time or, in the absence of evidence regarding time, the owner's insufficient prevention policy or failure to implement the policy. Ramos Rosado v. Wal-Mart, 165 D.P.R. 510, 513-515 (2005) ("Neither did [plaintiffs] show that the alleged substance was on the

floor for an unreasonable or excessive length of time or that the defendant filed [sic] to implement the prevention policy established in its stores."). There is no obligation to protect the visitor against dangers that are "so apparent that he may reasonable be expected to discover them and be able to protect himself." Calderón-Ortega v. United States, 2013 WL 427209, n. 6 (D.P.R. February 4, 2013)(quoting Figueroa-García v. United States, 364 F.Supp.2d 140, 143 (D.P.R. 2005)). When evaluated against these standards, dismissal of the complaint is warranted.

First, a careful evaluation of the uncontested facts confirms that plaintiff did not proffer evidence of dangerous conditions. The pictures attached to defendants' motion for summary judgment (which the parties agreed were taken by plaintiff's father and marked by plaintiff himself during his deposition) do not show a hole or dangerous condition in the area between the raised crosswalk's ramp and the sidewalk, where plaintiff's foot allegedly "got stuck."

Second, even if the Court were to conclude that a dangerous condition existed – something not supported by the record – there is no evidence that defendants had actual or constructive knowledge of the allegedly dangerous condition. Plaintiff's sole reference to knowledge is that "[t]he defendants in this case could have foreseen or reasonably anticipated that in the fashion the cement on the ramp was kept, that any prudent person could have walked over it, trip and fall, like the plaintiff precisely experienced" (Docket No.45 at p. 9). The assertion is insufficient to sustain liability. Conclusory allegations are devoid of evidentiary significance, and do not suffice to establish knowledge as required by Puerto Rico law. Calderón-Ortega, 753 F.3d. at 254; Fedelich, 724 F.2d at 285; Mas v. United States, 984 F.2d 527, 530 (1st Cir. 1993).

Third, the record shows that (i) plaintiff had the option to cross the in-road in question through the "bridge" area for pedestrians; (ii) the bridge was clearly marked and the yellow painted

stripes were highly visible to pedestrians; and (iii) although plaintiff could have used the "bridge" to get to the parking lot area, he voluntarily decided to walk over the slope or ramp portion of the raised crosswalk. It is clear defendants had no duty to protect him in circumstances that were so apparent that he may reasonably be expected to discover them and protect himself. Calderón-Ortega, 2013 WL 427209 at n. 6.

Plaintiff claims the testimony of his father shows defendants were negligent in failing to generally keep "the parking area and its access free from the degradation of concrete, loose concrete and ragged edges which people could certainly stumble against and/or lose their balance…" (Docket No. 45 at pp. 8 and 9). He understands that testimony is dispositive, because his father is an Aerospace Engineer with a Master's Degree in Aerospace Engineering, who had "run many plants" and "worked for Exxon for 14 years, having been at one point in time Operation's Manager, so he knew what OSHA requirements were and safety issues were." Id. at pp. 7 and 8.

Plaintiff's father was not announced as an expert witness in this case. For the same reason, he cannot offer expert testimony. Instead, his testimony may be offered to prove what he saw when he visited Cupey Plaza the day after the incident. Yet the various "conditions" he described have nothing to do to the dangerous condition that plaintiff himself alleges existed and caused his fall.[10]

One final matter requires discussion: as an additional ground to oppose defendants' motion for summary judgment, plaintiff contends that courts in Puerto Rico have made clear that in cases

---

[10] As explained in footnote 2, plaintiff's proposed "Uncontested Issues of Fact," (including his father's explanation regarding the alleged safety issues Cupey Plaza had) need not be considered for failure to comply with Local Rules 56(c) and 56(e).

José Carlo-Blanco v. Inmobiliaria Comercial, Inc. *et al.*
Civil No. 12-1978 (PAD)
Opinion and Order
Page 9

where negligence may play an essential role, summary judgment is not appropriate. Thus, he posits, defendants' motion must be denied for that reason.

As the First Circuit expressed in Medina-Rivera v. MVM, Inc., 713 F.3d 132, 141 (1st Cir. 2013), "'federal courts may grant summary judgment under Rule 56 on concluding that no reasonable jury could return a verdict' for the moving party, 'even if' state law 'would require the judge to submit an identical case to the jury'" (internal citations omitted). That is exactly what happened in this case: faced with a motion for summary judgment, Carlo-Blanco failed to meet his burden to establish a trial-worthy claim of material fact. The record confirms his claims fails as a matter of law.

**B. Attorney's fees**

In their motion for summary judgment, defendants also request the Court to impose attorney's fees because of plaintiff's obstinacy. Rule 44.1(d) of Puerto Rico's Rules of Civil Procedure require the imposition of fees against a party "has acted obstinately or frivolously." P.R. Laws Ann. tit. 32, App. III, R. 44.1(d).[11] A careful consideration of the parties' position regarding this matter, particularly defendants' arguments in support of their request, do not support a finding that plaintiff has been obstinate. As such, defendants' request for attorney's fees must be denied.

**V.    CONCLUSION**

After adequate time for discovery, entry of summary judgment is appropriate when the nonmovant would have the burden of proof at trial on an essential factual element and has failed to come forward with sufficient evidence to generate a trial worthy of issue. Clifford v. Barnhart,

---

[11] Puerto Rico Rule of Civil Procedure 44.1 regarding awards of attorney's fees is substantive law to be applied by the United States District Court sitting in diversity cases. De León López v. Corporación Insular de Seguros, 931 F.2d 116, 126 (1st Cir.1991).

449 F.3d 276, 280 (1st Cir. 2006). Such is the case here. In view of the foregoing, defendants' motion for summary judgment (Docket No. 36) is GRANTED IN PART as to liability. Therefore, plaintiff's claims are dismissed with prejudice. Defendants' request for attorney's fees is DENIED.

Judgment shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 25th day of September, 2014.

                                                  s/Pedro A. Delgado-Hernández
                                                  PEDRO A. DELGADO-HERNÁNDEZ
                                                  United States District Judge